**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

KENNETH MORRIS,

    Petitioner,

    v().                                    Case No. 03-C-1078

DANIEL BERTRAND
  Warden of Green Bay Correctional
  Institution,

    Respondent.

---

# **DECISION AND ORDER**

---

      On November 4, 2003, the petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 14, 2007, this court issued a decision and order denying the petitioner's petition. The petitioner appealed the denial of his petition. By order of September 18, 2007, the Court of Appeals for the Seventh Circuit reversed the court's judgment and remanded the case for this court to determine if the petitioner "has exhausted his state post-conviction remedies, which remained unexhausted at the time of his petition several years ago." (Order of the Court of Appeals for the Seventh Circuit dated September 18, 2007). This court appointed counsel to represent the petitioner and set a briefing schedule. On March 17, 2008, appointed counsel filed a motion to stay pending state court exhaustion. The respondent filed a brief opposing the motion and the petitioner filed a reply.

      The petitioner seeks a stay so that he can exhaust a claim that his plea was not knowingly, intentionally or voluntarily made because there was an insufficient factual basis for

his plea and a claim that his appellate counsel rendered ineffective assistance. In support of the petitioner's motion, his counsel states that, based on their review of the record, they believe that Attorney David Lang, the petitioner's appointed counsel on appeal, filed a false certification with the Wisconsin Court of Appeals relating to the advice that is statutorily required prior to the filing of a no merit brief. Counsel for the petitioner also believe that Attorney Lang failed to provide the record to the petitioner as he is required by statute, and as he certified he would do upon request from the petitioner. The petitioner asserts that as a result of Attorney Lang's failure to provide him with the record, he was unable to adequately respond to the court, short of writing a letter to the clerk explaining his inability to adequately respond without the record. Thus, the petitioner maintains that he was unable to adequately participate in his own appeal because of the ineffective assistance of counsel.

In response, the respondent asserts that the court should deny the petitioner's motion. With respect to the petitioner's claim of an insufficient factual basis for his plea, the respondent asserts that the petitioner would have to seek leave to amend his petition to add such a claim and that such a claim would be time-barred because it does not relate back to the claims raised in the original petition. The respondent also asserts that the petitioner has not shown good cause for failing to exhaust his claims of ineffective assistance of counsel prior to presenting them to this court.

Section 2254 of Title 28 U.S.C. requires a district court to make two inquiries before considering a petition for a writ of habeas corpus on its merits:

> whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir. 1992) (quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]).

A petitioner must fully and fairly present his claims to the state courts as a precondition to exhaustion. Verdin, 972 F.2d at 1472. "A specific claim is not considered exhausted if the 'petitioner has the right under the law of the State to raise, by any available procedure, the question presented.'" Jones v. Berge, 101 F. Supp.2d 1145, 1148 (E.D. Wis. 2000) (quoting 28 U.S.C. § 2254 [c]).

In Rose v. Lundy, 455 U.S. 509, 510 (1982), the United State Supreme Court held that "a district court must dismiss such 'mixed petitions,' leaving the [petitioner] with the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims to the district court." Recently, however, the United States Supreme Court ruled that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. Rhines v. Weber, 544 U.S. 269, 277 (2005). A federal court may stay the mixed petition in federal court provided that the petitioner has "good cause" for his failure to present the claims in state court and that the unexhausted claims are not "plainly meritless." Id.

The petitioner included in his petition a claim that "[t]he guilty plea was not knowingly, voluntarily, and willingly entered by defendant; trial counsel was ineffective and coerced defendant into the plea, and defendant did not understand the nature of the offense." (Petition at 8). Thus, contrary to the respondent's assertion, relation back is unnecessary.

- 3 -

Moreover, the court finds that the petitioner has shown good cause for failing to exhaust this claim prior to presenting them to this court. According to the petitioner, his appointed counsel failed to give him the statutorily required no-merit advice, refused to comply with statutory requirements that he provide the petitioner with the record so that the petitioner could respond to counsel's no-merit report, filed a false certificate with the Court of Appeals claiming otherwise, and overlooked the fact that the criminal complaint does not allege facts that support a charge of first degree reckless homicide. Because of the alleged actions of the petitioner's counsel, the petitioner was unable to participate in his own appeal. Appointed counsel's alleged ineffectiveness, including his failure to raise the claim in state court, constitutes good cause.

Furthermore, the court finds that the petitioner's claim is not "plainly meritless." As there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics," see Rhines, 544 U.S. at 278, this court will grant the petitioner's motion and stay the petition for writ of habeas corpus pending the petitioner's exhaustion of his claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. Thus, the petitioner must present his claims in state court within ninety (90) days of the date of this order. Further, he must ask this court to lift the stay no later than thirty (30) days after the conclusion of the final state court proceedings. The court will then schedule further proceedings in this case.

- 4 -

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to hold the petition in abeyance be and hereby is **granted**. (Docket #32). This action is stayed while the petitioner pursues his unexhausted claims in state court. The petitioner must present his claims in state court within ninety (90) days of the date of this order. Further, he must ask this court to lift the stay no later than thirty (30) days after the conclusion of the final state court proceedings.

**IT IS ALSO ORDERED** that the Clerk of United States District Court shall submit a Form JS-6 to the Administrative Office of the United States Courts, thereby closing this action for statistical purposes. Nothing in this order shall be considered a dismissal or disposition of this action on the merits, and any party may reopen this action.

Dated at Milwaukee, Wisconsin this 12th day of June, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge